MEMORANDUM OPINION


No. 04-04-00782-CR

Carlton Walter THOMPSON,
Appellant

v.

The STATE of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2004-CR-1821
Honorable Mark R. Luitjen, Judge Presiding
 
Opinion by:    Karen Angelini, Justice
 
Sitting:            Sarah B. Duncan, Justice
Karen Angelini, Justice
Sandee Bryan Marion, Justice
 
Delivered and Filed:   October 5, 2005

AFFIRMED
            Carlton Walter Thompson appeals his two-count robbery conviction. Thompson received
concurrent 75-year sentences on each count pursuant to a repeat offender enhancement. On appeal,
Thompson contends that his prosecution for two counts of robbery based on only one theft was a
violation of the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution. See U.S.
Const. amend. V, XIV. Thompson also contends that the trial court’s comments to the jury panel
during jury selection violated his constitutional right to be presumed innocent and deprived him of
his due process right to an impartial judge. Because the issues in this appeal are settled by existing
precedent, we affirm the trial court’s judgment in this memorandum opinion. Tex. R. App. P. 47.4.
            1. In his first issue, Thompson argues that, because only one item was stolen (a purse), the
two-count conviction unconstitutionally violated the Double Jeopardy Clause. In Ex parte Hawkins,
the Texas Court of Criminal Appeals “revisit[ed] the question, how many robbery prosecutions may
be brought when an actor assaults more than one person in the course of stealing one item of
property.” Ex parte Hawkins, 6 S.W.3d 554, 554 (Tex. Crim. App. 1999). The defendant was
convicted of two counts of aggravated robbery for holding a gun to the head of one victim while
leading him to the cashier, and then holding the gun on both victims while the cashier emptied the
register. Id. at 555. Though only one theft of money occurred, because there were two assault
victims, the court held that the defendant was properly convicted of two counts of aggravated
robbery. Id. at 561. The court reasoned that, as defined in the Penal Code, “robbery is a form of
assault,” and the allowable unit of prosecution for assaultive offenses is determined on a per victim
basis. Id. at 560. Therefore, even though only one theft occurs, the number of victims assaulted in
the process of committing the theft determines the number of robbery counts permissible under the
Double Jeopardy Clause. Id. 
            In the present case, Thompson assaulted Alberto Cadena and Debbie Donato in the course
of stealing Donato’s purse. Only one item was stolen but two individuals were assaulted during the
theft. Hawkins is indistinguishable from this case. Thus, the two-count robbery conviction against
Thompson does not violate the Double Jeopardy Clause. We overrule Thompson’s first issue.
            2. Thompson contends in his second and third issues that the trial court’s comments to the
jury panel during jury selection impaired his presumption of innocence and deprived him of his due
process right to an impartial judge. Because Thompson failed to object to the trial judge’s comments
during trial, we must first determine whether error exists, and, if so, whether such error constitutes
fundamental error affecting substantial rights. Tex. R. App. P. 33.1; Tex. R. Evid. 103(d); see Blue
v. State, 41 S.W.3d 129, 131 (Tex. Crim. App. 2000) (plurality op.) (trial judge’s comments tainted
presumption of innocence and were fundamental error of constitutional dimension requiring no
objection).
            Thompson first argues that the trial judge erred when he made the following statements to
the jury panel:
There are two possible verdicts in the first phase of the trial: Guilty
or not guilty. There is no such thing as an innocent verdict. Let me
expand upon that just for a moment.
 
Many people, particularly because most of us get our understanding
of criminal law from watching television shows about cops and
lawyers, and these rotten, sorry excuses for reality shows, that if a
jury finds a defendant not guilty, then that person can walk out of that
courtroom and say “The jury has said I didn’t do it.” 
 
...It’s not what it means, and it’s not a matter of semantics. What it
means when a jury finds a defendant not guilty, is it means that the
jury has not been satisfied that the proof was sufficient to find the
person guilty. Doesn’t mean that the person did not commit the
crime. It doesn’t mean the person has a right to come out and say that
he is innocent. It means that the State failed to prove its case. And
it is not merely an issue of semantics. It is the central principle to our
criminal justice system that sets it apart from all others in the world. 
 
... But understand, though, ... the first phase of the trial is not the
guilt/innocence phase. Many judges make that mistake as well. I did
for years. It is the guilt phase. And if the jury is not satisfied the
defendant has been proven guilty beyond a reasonable doubt by the
State, the defendant is not guilty. It does not mean the defendant is
innocent. Does everybody understand that?
 
            Thompson argues that these comments amounted to telling the jury “that innocence is a
fiction and that defendants who are not convicted are actually guilty, but the State was unable to
prove it.” However, these statements are taken out of context. The immediately preceding statement
made by the trial judge clarifies the complete instruction given to the jury panel:
Right now, this defendant is presumed to be innocent of these
charges. And unless and until the State proves all of the essential
elements of the indictment, that is, the charges against him, he
continues to be clothed with the presumption of innocence. And if at
the end of the trial and all the testimony that has been brought to you,
and both sides have rested and closed their case, if you, all 12 of you,
are not unanimous – unanimously satisfied that the State has proven
all of these elements beyond a reasonable doubt, that presumption of
innocence requires you by the second oath that you take as jurors
when you become members of the jury, to find the defendant not
guilty. 
 
            Thompson would have us focus on isolated word choices taken out of context to find a
violation of his presumption of innocence and right to an impartial judge. Cf. Bustamante v. State, 
48 S.W.3d 761, 765 (Tex. Crim. App. 2001) (noting that a reviewing court must look to the context
in which the comment was made in considering whether the language used was “manifestly intended
or was of such a character that the jury would necessarily and naturally take it as a comment on the
defendant’s failure to testify”). When read as a whole, in context, the trial judge did not commit
error in his comments to the jury panel, but rather properly explained the presumption of innocence
and the State’s burden of proof. The record reflects that the trial court correctly informed the jury
panel that Thompson was presumed innocent until such time as the State met its burden to prove its
case beyond a reasonable doubt; if the State failed to produce sufficient proof, the jury must find the
defendant “not guilty.” The trial court’s comments when viewed in their complete context do not
reasonably suggest or convey that the trial court had pre-determined Thompson’s guilt or innocence. 
Cf. Blue, 41 S.W.3d at 134. Accordingly, we find no error and overrule Thompson’s second and
third issues.
            Having overruled all issues, we affirm the judgment of the trial court.
 
Karen Angelini, Justice

DO NOT PUBLISH